IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. DOWDY,<br><br>        Petitioner,<br><br>  vs.<br><br>BEN CURRY, Warden,<br><br>        Respondents. | No. C 09-3144 WHA (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; GRANTING LEAVE TO FILE LATE EXHIBIT**<br><br>(Docket Nos. 4 & 7) |

**INTRODUCTION**

Petitioner, a California prisoner proceeding pro se, filed this habeas case under 28 U.S.C. 2254. Respondent was ordered to show cause why the petition should not be granted. Respondent has filed a motion to dismiss on statute of limitations grounds, petitioner has filed an opposition, and respondent has filed a reply. Good cause appearing, petitioner's motion to file an exhibit belatedly is **GRANTED**, and is hereinafter referred to as his supplemental opposition.

For the reasons discussed below, respondent's motion to dismiss is **GRANTED**.

**STATEMENT**

In July 1998, a jury in Contra Costa County Superior Court convicted petitioner of robbery and found that petitioner had two prior felony convictions (Resp't. Ex. A). The trial court sentenced petitioner to a term of thirty-two years to life in state prison (*ibid.*). The California Court of Appeal affirmed the judgment in an unpublished opinion on September 30,

1999 (Resp't. Ex. B). Petitioner did not appeal his conviction to the California Supreme Court.

Petitioner indicates that sometime in 2005, he filed a habeas petition in state court, which was denied, although he does not specify which California court (Pet. Mem. 5). On October 9, 2008, petitioner filed a federal habeas petition that was dismissed for failure to exhaust. Thereafter, on December 24, 2008, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court that was denied on June 10, 2009 (Resp't Ex. C). On July 10, 2009, petitioner filed the instant federal petition.

**ANALYSIS**

Respondent contends that the petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. 2244(d)(1)(A).[1] Here, petitioner pursued a direct appeal of his conviction to the California Court of Appeal, but not to the California Supreme Court. The "time for seeking" direct review expired when the deadline for filing a petition for review to the California Supreme Court. The deadline was November 9, 1999, forty days after the California Court of Appeal's decision was issued. *See* Cal. R. Ct. 8.264, 8.500(e). Accordingly, the limitations period began to run on that date and it expired one year later, on November 9, 2000. Under the "mailbox rule," the instant petition is deemed filed on June 30, 2009, the date it was signed and presumably given to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). As the instant petition was not filed until nearly nine years after the one-year limitations period had expired, the instant petition is untimely absent tolling.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with

---

[1] In rare instances neither argued in nor applicable to the present case, the limitation period may run from a different dated. See 28 U.S.C. §§ 2244(d)(1)(B)-(D).

2

1  respect to the pertinent judgment or claim is pending.'" *Dictado v. Ducharme*, 244 F.3d 724,
2  726 (9th Cir. 2001) (quoting 28 U.S.C. 2244(d)(2)). Petitioner indicates that he filed a habeas
3  petition in state court in 2005, by which time the limitations period had expired approximately
4  five years earlier. Such a petition, filed in the state court after AEDPA's statute of limitations
5  ended, does not toll the limitation period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.
6  2003). Nor was the limitation period tolled during the pendency of petitioner's prior federal
7  habeas petition filed in 2008. *See Duncan v. Walker*, 533 U.S. 167, 180-81 (2001) (running of
8  the limitation period is not tolled for the period during which a petition is pending in federal
9  court).

10  Petitioner argues that he is entitled to equitable tolling due to his mental illness. He
11  states that when he arrived in prison he was diagnosed with "psychosis" and that he is currently
12  being assisted by a "prisoner paralegal" (Pet. 3-5). According to petitioner, in 2005, at the
13  advice of a "prison paralegal" he filed a habeas petition in the state courts, which was denied
14  (*id.* 5). He claims that since that time his "continuing mental issues and medication" have
15  prevented him from pursuing any other challenges to his conviction (*ibid.*). The Supreme Court
16  has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate
17  cases. *Holland v. Florida*, No. 09-5327, slip op. at 12 (U.S. June 14, 2010). "[A] 'petitioner' is
18  'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently,
19  and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.*
20  at 16-17 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005)). The prisoner also must
21  show that "the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v.*
22  *Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).

23  In support of his equitable tolling argument, petitioner submits medical records
24  indicating: (1) that in May 1999 he was held on suicide watch for twenty-one days; (2) that he
25  was diagnosed in June 1999 with a "severe" mental illness; (3) that he began the prison's
26  "Mental Health Program" on June 6, 1999, and since that time he completed the "Extended
27  Outpatient Program;" and (4) that he has since been treated with the medication Zyprexa (Opp.
28  Exs. A1-A2; Suppl. Opp. Ex. A). The records also indicate that he is "currently" functioning

3

1  well, and that his condition has improved due to his medication and his "commitment to his
2  own improvement" (Opp. Ex. A).  Dr. Mathews, a clinical psychologist, writes that petitioner
3  has improved sleep, appetite, and capacity to "think rationally," and that "for several years"
4  petitioner had a record of nonviolence (*ibid.*).

5  In order for petitioner's mental incompetence to equitably toll the limitations period, he
6  must show that it caused him to be unable to file his federal petition on time.  *See Gaston v.*
7  *Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005), *amended*, 447 F.3d 1165 (9th Cir. 2006)
8  (holding that where prisoner fails to show causal connection between physical and mental
9  disabilities and inability to timely file petition, district court's finding that he was not entitled to
10 equitable tolling where he had earlier filed a state habeas petition was not clear error).  There is
11 evidence that in May and June 1999 petitioner had "severe" mental problems and was suicidal,
12 and at that time entered the mental health program at the prison.  Dr. Mathews opines that "at
13 that time" petitioner would not have been able to understand the deadlines for his habeas
14 petition (Suppl. Opp. Ex. A).  Since then, however, petitioner's capacity to function has
15 improved significantly because of the medical treatment, medication and petitioner's own
16 efforts (*ibid.*).  Dr. Mathews states that "for several years" he has been "impressed by"
17 petitioner's "calmness, logic and record of nonviolence," and that petitioner displays
18 "steadiness and functioning" and a "capacity to think rationally" (*ibid.*).  Thus, petitioner's
19 mental condition did not remain so severe for the nine-year period between 2000 and 2009, the
20 period of time that the limitations period would need to be equitably tolled in order to render the
21 instant petition timely.  Indeed, petitioner was able to file a state habeas petition in 2005.
22 Although petitioner states that petition, like the instant petition, was filed with the assistance of
23 another prisoner, there is no explanation as to why, if he was able to file a state habeas petition
24 in 2005, he could not have filed a federal petition at that time, with assistance if necessary.  The
25 evidence of petitioner's mental illness does not establish that his mental illness actually
26 rendered him incapable of filing a petition for the entire nine years that the instant petition is
27 late.  Therefore, the petition is not rendered timely by virtue of equitable tolling.
28 Accordingly, motion to dismiss the petition as untimely will be granted.

4

**CONCLUSION**

Respondent's motion to dismiss (document number 4 on the docket) is **GRANTED**. The motion to file a late exhibit (docket number 7) is **GRANTED**. The instant petition is **DISMISSED**. The clerk shall close the file and terminate any pending motions.

**IT IS SO ORDERED.**

Dated: August  30 , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\DOWDY3144.MTD-SOL.wpd

5