IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. DOWDY, | No. C 09-03144 WHA |
| Petitioner, | |
| v. | **ORDER RE PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT UNDER FRCP 60(B)** |
| BEN CURRY, | |
| Respondent. | |

In this Section 2254 habeas corpus action, our court of appeals granted petitioner's motion for limited remand to consider petitioner's Rule 60 motion. Petitioner initially filed his federal habeas petition pro se. Respondent moved to dismiss on the grounds that the petition was untimely and that petitioner was not entitled to equitable tolling. The undersigned judge granted the motion to dismiss and judgment was entered (Dkt. Nos. 10 and 11). Petitioner's motion for a certificate of appealability was denied (Dkt. No. 14). On appeal, our court of appeals granted petitioner's request for a certificate of appealability and appointed counsel. Petitioner's counsel filed a motion with our court of appeals for limited remand for purposes of supplementing the record before the district court. Our court of appeals granted counsel's motion for limited remand.

Petitioner then filed his Rule 60(b) motion herein, to which respondent has filed an opposition and sur-reply brief. The parties agree that the one-year statute of limitations of AEDPA applies, such that petitioner's federal habeas petition was due on November 9, 2000, unless the statute of limitations was tolled. *See* 28 U.S.C. 2244(d). As set forth in the prior order

1  granting respondent's motion to dismiss, under the "mailbox rule," petitioner's federal habeas
2  petition was deemed filed on June 30, 2009 (Dkt. No. 10).  The prior order determined that
3  petitioner had failed to establish that equitable tolling applied because of his mental illness.  The
4  order acknowledged that there was evidence in the record that for some part of 1999 petitioner
5  had "severe" mental problems and was suicidal.  A letter submitted by petitioner from Dr. A. L.
6  Mathews, a clinical psychologist, stated that by 2009, petitioner was "functioning better with
7  improved mental clarity" (Dkt. No. 7 at 4).  Dr. Mathews also stated that "for several years" he
8  had been "impressed by" petitioner's "calmness, logic and record of nonviolence" (*ibid.*).  The
9  prior order therefore found that "petitioner's mental condition did not remain so severe for *the*
10 *nine-year period between 2000 and 2009, the period of time that the limitations period would*
11 *need to be equitably tolled* in order to render the instant petition timely" (Dkt. No. 10 at 4)
12 (emphasis added).

13  In support of his Rule 60 motion, petitioner has submitted a letter from Dr. James
14 Missett, a psychiatrist (Missett Letter, Dkt. No. 42-7).  Dr. Missett reviewed petitioner's medical
15 and psychiatric records from 1996 to 2000.  He opines that "the totality of the medical records
16 for [petitioner] with the California Department of Corrections between 1997 and November of
17 2000 indicate [sic] that during those three years he was suffering from a severe mental
18 impairment . . . ." (*ibid.*).  Petitioner has not provided any expert report or opinion as to any other
19 time period.  Petitioner's position appears to be that he need not demonstrate that his mental
20 illness prevented him from filing at any time other than the one-year period after the judgment
21 against him became final, citing *Bill v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010).  To the
22 contrary, judges in this district, including the undersigned, have clearly required that a habeas
23 petitioner must demonstrate that tolling applies to all time outside the statute of limitations
24 period.  *See, e.g., Biagas v. Walker*, No. 10-02429, 2013 WL 428640, at *5–6 (N.D. Cal. Feb. 1,
25 2013) (Judge Saundra Armstrong).  Here, petitioner must demonstrate that the aggregate amount
26 of days for which the statute of limitations was not tolled between the date the judgment became
27 final in 1999 and the filing of the federal habeas petition in 2009 is equal to or less than one year.
28

2

Petitioner states that Dr. Missett limited the scope of his report due to the limited funding that was approved for his services. Petitioner requests that, if the Court determines that the period after 2000 is relevant to the equitable tolling issue, petitioner be allowed to request additional funding and to submit a supplemental report from Dr. Missett (Br. at 8; Adraktas Decl. at 2). As stated above, petitioner must demonstrate that equitable tolling applies through 2009. This order will allow petitioner an opportunity to request additional funding and submit a supplemental report from Dr. Missett. Funding will be approved for the work by Dr. Missett. Petitioner's supplemental report is due by **NOON ON AUGUST 22**. After Dr. Missett's report is filed, counsel for both sides shall within 14 calendar days advise the Court on the best way to proceed, including whether an evidentiary hearing must or should be conducted.

**IT IS SO ORDERED.**

Dated: August 2, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3